Mr. Justice Merrick
delivered the opinion of the court.
In the case of Miller against the District of Columbia, the question presented is purely a question whether certain special assessments, which the complainant seeks by his hill to he relieved from as against the District of Columbia, were, in point of fact, paid as he alleged.
The District of Columbia, by its answer to the bill, upon informa tion and belief, said that the payment bad not been made as alleged, and they went to trial upon the issue joined as between the parties upon that answer.
*292 An answer of that sort is not sufficient evidence to the court so as to constitute, in itself, proof negativing the proof of one or more witnesses, and it is not evidence at all, because it is a simple statement of matter of hearsay. It amounts to a denial only to the extent of traversing the facts alleged by the complainant and putting him upon proof. But it is not responsive or repellant proof to the proof offered by one witness and circumstances, or one or more witnesses. In other words, it does not stand as proof at all.
In aid of such an answer as that, the defendant, to countervail the proof on the part of two witnesses of the complainant, endeavored to introduce an affidavit made by a deceased witness in a proceeding by mandamus of this complainant against the defendant, for the purpose of obtaining the same relief which he nows seeks by his bill in equity.
The mandamus proceeding, for reasons not necessary to investigate, was dismissed, and it came to naught. An affidavit made under such circumstances surely cannot be admissible in evidence. Because it is simply a statement made by a man who purports, it is true, to be a witness, but is a statement made without the opportunities for cross-examination ; and although a party who would have been a witness, and whose affidavit remains in the memory of men in this way, is dead, the fact of his death and the loss of testimony does not justify a court of justice in relaxing the rules of evidence and admitting such matter as the best proof that the nature of the case admits of. It does not come within the rule of the best proof in connection with the case, and is no proof at all.
Therefore the case stands simply upon the affirmative and positive proof, as offered by the complainant and one witness, Peter Campbell, who swore distinctly to the payment as made in the particular mode pointed out and established by the testimony.
Under these circumstances the court is not able, whatever moral convictions there may have been to justify the Attorney for the District in resisting the claim, to see upon *293 the proof, which we are obliged to look to and to weigh according to the strict rules of evidence, anything to prevent the operation of the positive testimony of the complainant, which relieves him from the obligation to pay these debts, they having been shown, in the manner I have stated, to have been fully paid and satisfied to the legal officer of the District of Columbia authorized to receive them at the time.
The decree below will therefore be affirmed.